UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------ x

MICHAEL GLENN,

                         Plaintiff,

                    -against-

CITY OF NEW YORK, Det. CHRISTOPHER
WARD (Shield No. 06633), Det. DENNIS
FRIENDLY, (Shield No. 02755), Det. BRIAN
WOOD (Shield No. 05728), Det. WILLIE
JOHNSON (Shield No. 04104), Lieutenant
PATRICK RYAN, Assistant District Attorney
DAVID SOBOTKIN, Assistant District Attorney
JOHN DOE 2, and JOHN and JANE DOE 6
through 10, individually and in their official
capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                         Defendants.

------------------------------------------------------------ x

**AMENDED
COMPLAINT**

10 CV 8552 (GBD)(AJP)

Jury Trial Demanded

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and

1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Michael Glenn, an African-American male, is a resident of Kings County in the City and State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      At all times relevant defendant Assistant District Attorney ("ADA") David Sobotkin was a prosecutor employed by the Office of Special Narcotics. ADA Sobotkin is sued in his individual and official capacities.

9.      At all times relevant defendant ADA John Doe 2 was a prosecutor employed by the New York County District Attorney's Office and/or the Office of Special Narcotics. Plaintiff does not know the real names of defendant ADA John Doe 2. ADA John Doe 2 is sued in his individual and official capacities.

2

10.    At all times relevant defendants Christopher Ward, Dennis Friendly, Brian Wood, Willie Johnson and Patrick Ryan and John and Jane Doe 6 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 6 through 10.

11.    At all times relevant herein, defendants Christopher Ward, Dennis Friendly, Brian Wood, Willie Johnson, Patrick Ryan, and John and Jane Doe 6 through 10 were acting as agents, servants and employees of defendant City of New York.  Defendants Ward, Friendly, Wood, Johnson, Ryan, and John and Jane Doe 6 through 10 are sued in their individual and official capacities.

12.    At all times relevant herein, all individual defendants were acting under color of state law.

### STATEMENT OF FACTS

13.    On or around 4:00 p.m. on March 26, 2009, plaintiff was on his way from a store to his mother's apartment located at 1306 Loring Avenue, Brooklyn, New York.

14.    Plaintiff observed a large group of police officers and vehicles outside his mother's building.

15.    Among those officers were defendants Christopher Ward, Dennis

3

Friendly, Brian Wood, Patrick Ryan and John and Jane Doe 6 through 10.

16.    An officer approached plaintiff and asked him if his name was Michael Glenn and if he lived in apartment 8F.

17.    Plaintiff stated that his name was Michael Glenn and that he occasionally stays at the apartment.

18.    Officers then arrested plaintiff and accused him of selling drugs out of the apartment.

19.    When plaintiff asked to see any evidence of the alleged criminal activity the officers threw him down and started punching him.

20.    After plaintiff was handcuffed, defendant Friendly began choking him.

21.    As plaintiff was being assaulted outside, officers were conducting a search of his mother's apartment.

22.    The officers claim to have found contraband in plaintiff's mother's apartment.

23.    Any contraband allegedly found in the apartment was found in a bedroom that was used exclusively by plaintiff's nephew and not in the room in which plaintiff occasionally stayed.

24.    Plaintiff's nephew kept his room locked and plaintiff did not have access to it.

25.    The search warrant was executed while neither plaintiff nor anyone else

was present inside the apartment.

26.    Upon information and belief, Detective Wood claims he conducted a controlled buy operation at 1306 Loring Avenue, Apt. 8F, Brooklyn, New York.

27.    Detective Wood was aware that he had never bought drugs from plaintiff.

28.    Detective Wood was aware that the information he provided would be used as a basis for an affidavit for a search warrant.

29.    Detective Johnson swore out the affidavit that formed the basis for the search warrant.

30.    At the time he swore out the affidavit, Johnson was aware that the information he provided was not true.

31.    At the time the affidavit was sworn out by Johnson, Wood was aware that it contained untruths.

32.    Plaintiff was not in possession or constructive possession of any of the items that were allegedly seized as a result of the search warrant.

33.    Plaintiff was taken to the 75th precinct where he remained until about 7:00 p.m.

34.    At the precinct, plaintiff was yelling because he was upset at being falsely arrested.

35.    Plaintiff was placed in a restraint bag typically used for those designated

5

as so-called "Emotionally Disturbed Persons" and taken to Kings County Hospital.

36.    At the hospital, plaintiff complained of a swollen eye, swollen knees and abrasions to his wrists from the assault and arrest.

37.    Plaintiff left the hospital at approximately 1:00 a.m. and was taken back to the 75th precinct.

38.    Plaintiff was then taken to the Special Narcotics Court in Manhattan.

39.    At arraignment, bail was set which plaintiff could not post.

40.    Plaintiff spent approximately one week detained at the Manhattan Detention Complex.

41.    Plaintiff was then taken to Rikers Island where he was detained for approximately two weeks.

42.    A grand jury was not convened during this time and plaintiff was never indicted.

43.    Plaintiff then was taken to the District Attorney's office to speak to ADA Sobotkin and ADA John Doe 2.

44.    ADA Sobotkin and ADA John Doe 2 conducted an investigatory interview of plaintiff.

45.    ADA Sobotkin and ADA John Doe 2 asked plaintiff to take responsibility for crimes he had not committed.

46.    Plaintiff refused to do so.

6

47.   On December 8, 2009, the charges against plaintiff were dismissed upon the motion of the District Attorney.

48.   Plaintiff suffered damage as a result of defendants' actions.   Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, pain, mental anguish, fear, anxiety, embarrassment, humiliation and damage to his reputation.

## FIRST CLAIM
## (42 U.S.C. § 1983)

49.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.   Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## SECOND CLAIM
## (FALSE ARREST)

51.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.   Defendants violated the Fourth Amendment because they arrested plaintiff without probable cause.

7

## THIRD CLAIM
## (UNREASONABLE FORCE)

53.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54.    Defendants violated the Fourth Amendment because they used unreasonable force on plaintiff.

## FOURTH CLAIM
## (FAILURE TO INTERVENE)

55.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

57.    Accordingly, the defendants who failed to intervene violated the Fourth Amendment.

## FIFTH CLAIM
## (MALICIOUS PROSECUTION)

58.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59.    By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

60.    Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

61.    As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### (MONELL)

62.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

9

63.     This is not an isolated incident.   The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

64.     The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

65.     The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

66.     The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

67.   The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

DATED:   April 5, 2011
         New York, New York

HARVIS & SALEEM LLP

_____
Afsaan Saleem
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
asaleem@harvisandsaleem.com