

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 0 4 2011

**THE CITY OF NEW YORK**

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**PHILIP S. FRANK**
*Assistant Corporation Counsel*
Room 3-196
Telephone: (212) 788-0893
Facsimile: (212) 788-9776
pfrank@law.nyc.gov

May 3, 2011

**SO ORDERED:**

*George B. Daniel*

George B. Daniels, U.S.D.J.

**Dated:** MAY 0 4 2011

<u>**VIA FACSIMILE (212) 805-6737**</u>
Honorable George B. Daniels
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: <u>Michael Glenn v. City of New York, et al.</u>, 10 Civ. 8552 (GBD)

Your Honor:

       I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendants City of New York, Christopher Ward, and Dennis Friendly. In that regard, I write: (1) <u>jointly</u> on behalf of all parties to respectfully request an extension of time to complete all discovery, which is currently scheduled to close today; and (2) to respectfully request a two-week extension of time, from May 3, 2011 until May 17, 2011, for this Office to determine the representation of the individual defendant officers, who were recently added to the Amended Complaint, and to answer on their behalf, if appropriate.

       There are several reasons for granting the parties' joint request for an enlargement of time. By way of background, plaintiff's complaint alleges, in essence, false arrest, excessive force and malicious prosecution stemming from plaintiff's arrest on or about March 26, 2009. As an initial matter, defendants are not yet in possession of plaintiff's medical records from the date of incident. On or about April 14, 2011, plaintiff provided this Office with HIPAA-compliant medical releases for two separate providers that this Office immediately processed. However, to date, this Office has not yet received plaintiff's medical records from either of the providers. Given plaintiff's allegations that he suffered physical and psychological injuries as a result of the incident, the medical records are necessary in order for this Office to evaluate the matter and prior to taking depositions. In addition, the parties are currently conferring in good faith to resolve several outstanding discovery disputes prior to seeking judicial intervention. The enlargement of time will enable the parties to continue their good-faith efforts to resolve the disputes and, if appropriate, to seek court intervention.

Furthermore, an enlargement of time to complete discovery will enable this office to make representational determinations of the recently added defendant officers, to answer on their behalf, if appropriate, and for the parties to complete paper discovery and depositions pertinent to these individual defendants. By way of background, on or about April 5, 2011, plaintiff filed an Amended Complaint adding to the caption Willie Johnson, Patrick Ryan, David Sobotkin and Brian Wood as individual defendant officers. See Docket Entry No. 8. According to Affidavits of Service that plaintiff provided this Office, defendants Johnson, Ryan, Sobotkin and Wood were served with process on April 13, 2010. This office has not discussed with defendants Johnson, Ryan, Sobotkin or Wood the manner of service and we make no representation herein as to the adequacy of service upon them. A decision concerning this Office's representation of defendants Johnson, Ryan, Sobotkin or Wood has not yet been made and accordingly, this request for an extension of time is not made on their behalf. However, given the time involved in determining the representation of police officers, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, grant defendants Johnson, Ryan, Sobotkin and Wood a two-week enlargement of time, until May 17, 2011, to respond to the Amended Complaint.

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible, and that the enlargement is necessary in order for us to proceed effectively. Accordingly, we would respectfully ask that the Court grant: (1) an extension of time to complete all discovery; and (2) a two-week extension of time, until May 17, 2011, for this Office to determine the representation of the individual defendant officers, who were recently added to the Amended Complaint, and to answer on their behalf, if appropriate. Furthermore, due to the multiple outstanding discovery issues and disputes that the parties are currently conferring in good faith to resolve prior to seeking judicial intervention, the parties respectfully submit that the conference before Your Honor scheduled on May 10, 2011 at 9:30 a.m. will provide an opportunity for the parties to discuss with the Court the appropriate dates and amount of time for the extended completion of discovery. Counsel for plaintiff consents to the request for an extension of time for this Office to determine the representation of the recently-added defendant officers and joins in the request for an enlargement of time to complete discovery. This is the parties' first request for an enlargement of time to complete discovery and defendant City's first request for an extension of time to determine the representation of the newly-added defendant officers.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Philip S. Frank
Assistant Corporation Counsel
Special Federal Litigation Division

2

cc:   Via Facsimile (212) 323-6881
      Afsaan Saleem, Esq.
      Harvis & Saleem LLP
      Attorneys for Plaintiff
      305 Broadway, 14th Floor
      New York, NY 10007